UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ANAMANYA,<br><br>       Plaintiff,<br><br>       v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>       Defendants. | Civil Action No. 3:11-CV-1394<br><br>(Judge Kosik) |

## ORDER

AND NOW, this _31st_ day of January, 2013, IT APPEARING TO THE COURT THAT:

1.     Plaintiff, Richard Anamanya, an inmate at the Federal Correctional Institution in Talledega, Alabama, filed this current claim, *pro se,* pursuant to the Federal Torts Claims Act ("FTCA"). (Doc. 1).

2.     Plaintiff's tort claim concerns an incident on November 30, 2010, when Plaintiff was allegedly assaulted by another inmate while in the recreation cage at the United States Penitentiary, Lewisburg, Pennsylvania, sustaining injuries to his lower back, neck and rib cage. Plaintiff claims that the United States was negligent in that the prison failed to provide a sufficient number of guards to prevent this assault. (*Id.*).

3.     This matter was assigned to Magistrate Judge Martin C. Carlson on August 3, 2011. (Docket Report).

4.     On August 22, 2011, Plaintiff was sent a copy of this Court's Standing Practice Order, an order which informed the Plaintiff of his responsibility to reply to defense motions, and warned Plaintiff in clear and precise terms of the consequences of failing to comply with briefing schedules on motions. (Doc. 14).

5.     The Standing Practice Order specifically states:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 15-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(*Id.* at p. 3).

6.   Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (Doc. 15). This motion has been pending since it was filed on October 4, 2011.

7.   Plaintiff initially filed a notice of voluntary dismissal in which he sought to dismiss this case "due to him not wishing to pursue it at this time." (Doc. 28). The notice of voluntary dismissal was liberally construed as a motion pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure seeking to voluntarily dismiss this complaint without prejudice and it was granted.

8.   The Court thereafter received a letter purportedly from Plaintiff, which stated Plaintiff was being held hostage and had been forced to file the motion to dismiss. (Doc. 33).

9.   Based on the Plaintiff's inconsistent statements regarding whether or not he wished to pursue this action, the Magistrate Judge issued an order requiring the Plaintiff to file a motion to reinstate the action, if that was his desire, on or before February 1, 2012. (Doc. 34).

10.  On January 30, 2012, Plaintiff filed his motion to reinstate the action. (Doc. 35). The Defendants opposed this motion. (Doc. 36).

11.  On March 2, 2012, Plaintiff's motion to reinstate the action was granted and Defendant's motion to dismiss was reinstated. (Doc. 37). In this order, Plaintiff was also directed to file a response to Defendants' motion to dismiss in accordance with Local Rule 7.6 on or before March 26, 2012. (*Id.*). The order specifically warned Plaintiff as follows:

The Plaintiff is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the Plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty one (21) days after service of the movant's brief...

(*Id.* at 4).

12. On March 20, 2012, Plaintiff filed a motion for extension of time, along with a declaration, which was denied by the Magistrate Judge. (Docs. 41, 42, 43).

13. On July 10, 2012, well after Plaintiff's deadline for a response had passed, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted and Plaintiff's Complaint be dismissed without further leave to amend. (Doc. 44).

14. Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Plaintiff failed to file timely objections, but did file a motion for extension of time to file his objections and a change of address on August 10, 2012. (Doc. 45). This motion was granted on October 12, 2012 and Plaintiff was given until November 7, 2012. (Doc. 46).[1]

---

[1] While Plaintiff's motion for extension of time was originally granted on August 10, 2012, due to clerical error, Plaintiff never received our order granting the motion for extension of time. When we learned that Plaintiff did not receive our order, we issued the October 2012 order granting the motion for extension of time and gave Plaintiff until November 7, 2012 to file objections, so as to not prejudice Plaintiff.

15. Plaintiff again failed to timely file his objections. On November 26, 2012, Plaintiff again filed a motion for an extension of time. (Doc. 47). This motion was granted by the Court. (Doc. 48). Plaintiff was given until December 20, 2012 to file Objections and was warned that this would be his last extension. (*Id.*).

16. Plaintiff once again failed to timely file his objections. On December 26, 2012, Plaintiff filed a Motion to Stay Proceedings and for an Extension of Time to File Objection to the R&R. (Doc. 49). In his motion, Plaintiff alleged that his legal materials were taken by BOP staff and he asked that the case be held in abeyance until his legal materials were returned. (*Id.*). As an alternative, Plaintiff asked that he be provided with another copy of the R&R, a copy of the Local Rules, and any other important documents so Plaintiff could prepare an informed objection to the R&R. (*Id.*).

17. The Court granted Plaintiff's extension of time, explaining that no further extensions of time would be considered. (Doc. 50). The Court also provided Plaintiff with copies of the Docket Sheet, the R&R, and the Middle District Local Rules regarding Magistrate Judges. (*Id.*). Plaintiff was given until January 25, 2013 to file his objections. (*Id.*).

18. Plaintiff has failed to file objections.

AND, IT FURTHER APPEARING THAT:

19. If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

20. We have reviewed the Report of the Magistrate Judge, and we agree with the Recommendation.

21. Under Local Rules 7.6, the motion to dismiss should be deemed unopposed and granted.

22. Further, Rule 41(b) of the Federal Rules of Civil Procedure states that if

> a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

23. "[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863, 866 (3d Cir. 1984) *quoting Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339, 342 (3d Cir. 1982).

24. When deciding if dismissal for failure to prosecute is appropriate, the court must balance the following *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling order and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or the defense. *Id.* at 868.

25. We agree with the Magistrate Judge that in applying the *Poulis* factors to the case at bar, dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. The delays in this case are entirely attributable to the Plaintiff, who has refused to follow court orders and to timely file responses to

Defendants' motions or objections to the R&R. Plaintiff's failure to respond to Defendants' motion has prejudiced the Defendants considering the motion to dismiss was initially filed in 2011. Plaintiff's history of dilatoriness is self-evident by Plaintiff's failure to timely file pleadings and noncompliance with orders of the Court. Plaintiff's actions are viewed as willful and intentional when considering the nearly two year period since this case began. Plaintiff's status as a *pro se* litigant also severely limits the ability of the Court to utilize other less sanctions to ensure the litigation progress in an orderly fashion, and Plaintiff still declines to obey court orders and otherwise ignores his responsibilities as a litigant. Finally, Plaintiff's claim lacks merit.

26. Plaintiff's Complaint concerns whether the prison was negligent in that it did not have sufficient staff in place to prevent and deter a wholly unexpected event, an assault upon the Plaintiff by a fellow inmate.

27. The FTCA's waiver of sovereign immunity for tort claims in a prison context is tempered by a number of statutory exemptions including a discretionary function exemption set forth in 28 U.S.C. § 2680(a). The exemption provides that liability may not be premised on:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680.

28. This exemption has been found to be applicable in the context of Plaintiff's current claim, an inmate assault within a federal prison. *See Donaldson v. United States,* 281 Fed. Appx. 75, 76-78 (3d Cir. 2008); *Castillo v. United States,* 166 Fed. Appx. 587, 589 (3d Cir. 2006); and *Rinaldi v. United States,*

2010 WL 4642498, *4 (M.D. Pa. 2010).

29.  As the Magistrate Judge points out, application of the above factors points to dismissal of the claims against the Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

30.  We will adopt the R&R and we will grant Defendants' motion to dismiss, or in the alternative, motion for summary judgment (Doc. 15)..

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.  The Report and Recommendation (Doc. 44) of Magistrate Judge Carlson is **ADOPTED**;

2.  Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 15) is **GRANTED**;

3.  The above-captioned action is **DISMISSED**; and

4.  The Clerk of Court is directed to **CLOSE** this case, and to **FORWARD** a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge